IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

     Plaintiff,           ORDER

    v.               02-cr-36-jcs-01

JAMES A. LARRY,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  A hearing on the probation office's petition for judicial review of James A. Larry's supervised release was held in this case on October 2, 2008, before Chief United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Daniel J. Graber. Defendant was present in person and by counsel, Michael W. Lieberman. Also present was Senior United States Probation Officer William T. Badger, Jr.

  From the record I make the following findings of fact.

## FACTS

  Defendant was sentenced in the Western District of Wisconsin on August 21, 2002, following his conviction for felon in possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 70 months, with a three-year term of supervised release to follow.

  Defendant began his supervised release on April 30, 2007. Defendant violated

Special Condition No. 6, which required him to complete a 120-day residential reentry center placement, when he failed to follow the rules of Schwert House resulting in his termination from the program on September 30, 2008.  He also violated Standard Condition No. 7, which prohibited his use of a controlled substance, as evidenced by his admission to having used marijuana on October 2, 2007, June 19, 2008, and July 4, 2008.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke, extend or modify supervised release upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's conduct warrants revocation.  Accordingly, the three-year term of supervised release imposed on defendant on August 21, 2002, will be revoked.  Defendant's criminal history category is V.  With a Grade C violation and a Criminal History Category V, defendant has an advisory guideline term of imprisonment of 7 to 13 months. The statutory maximum sentence that can be imposed is two years based on defendant's original conviction for a Class C felony.

After reviewing the non-binding policy statements in Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the advisory guideline range.  The intent of this sentence is to hold defendant accountable for his violations and support his abstinence from marijuana.  The sentence will also allow defendant an opportunity to quickly resume work and obtain a residence.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 21, 2002, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of two months. A 6-month term of supervised release shall follow. All previously imposed special conditions of supervised release will be reimposed including Special Condition No. 6, requiring defendant to complete the first 120 days of supervised release at a residential reentry center.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 2nd day of October 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge